**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**L. MICHAEL NEWMAN,**

**Plaintiff,**

**v.**

**LUKE PEREZ, *et al.*,**

**Defendants.**

**Case No. 2:26-cv-00908**
**Chief Judge Sarah D. Morrison**
**Magistrate Judge S. Courter M. Shimeall**

## PRELIMINARY PRETRIAL ORDER

The parties submitted their Rule 26(f) Report on November 17, 2026, and indicated their preference that the Court issue a Preliminary Pretrial Order without a conference. Accordingly, the November 24, 2026 preliminary pretrial conference is **VACATED**.

### Rule 26(a)(1) Initial Disclosures

The parties have agreed to not make initial disclosures.

### Jurisdiction and Venue

There are no contested issues related to venue or jurisdiction.

### Amendments to Pleadings and/or Joinder of Parties

Motions or stipulations addressing the parties or pleadings, if any, must be filed no later than **February 26, 2027**.

### Motions

There are no pending motions.

### Allegations in the Pleadings and Jury Demand

Plaintiff alleges that he was physically assaulted by Defendant Perez in violation of his Fourth Amendment rights and in retaliation for exercising his First Amendment rights as a citizen

journalist and documentary filmmaker. The Plaintiff also alleges that Defendant Green further violated his constitutional rights by seeking to have him prosecuted and barred from parts of the Ohio State University campus following the assault.

Defendant Perez denies Plaintiff's allegations and denies that he violated Plaintiff's constitutional rights, as does Defendant Green.

There is a jury demand.

**Discovery Deadline and Limitations**

The parties may, without further leave of Court, agree to exceed the limitations on discovery established by the Federal Rules of Civil Procedure or the Local Rules of this Court. If the parties are unable to reach an agreement on any matter related to discovery, prior to filing a motion, they are directed to arrange an informal conference with the Court.

All discovery shall be completed by **September 17, 2027**. For purposes of complying with this Order, the parties must schedule their discovery in such a way as to require all responses to be served prior to the deadline and must also file any motions relating to discovery within the discovery period.

The parties do anticipate the production of ESI. The parties will meet and confer to discuss the need for an agreed ESI protocol. The parties will otherwise work cooperatively to identify likely sources of ESI and will narrow searches to reduce overinclusive results after exchanging information that allows such narrowing.

The parties do intend to seek entry of a protective order or clawback agreement and shall do so by **December 18, 2026**.

The parties shall use the Court's form protective order available on the Southern District of Ohio Website. The parties shall file a motion for a stipulated protective order and attach the signed, proposed protective order as an exhibit to the motion. Pursuant to Section III. of Judge

Shimeall's General Standing Orders on Civil Pretrial Procedures, if modifications are made to the form protective orders (other than changing time frames), the parties must email a Word version of the proposed protective order to the Court, as well as a redline version of the changes the parties made to the Court's form protective order at Shimeall_Chambers@ohsd.uscourts.gov. The parties must provide in their email why the unique circumstances of their case require deviation from the Court's form protective order.

**Expert Disclosures**

Primary expert reports, if any, must be produced by **June 4, 2027**. Rebuttal expert reports, if any, must be produced by **July 9, 2027**.

If an expert is retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony, the witness identification must consist of a report that conforms to Rule 26(a)(2), unless otherwise stipulated or ordered by the Court.

**Dispositive Motions**

Case dispositive motions must be filed by **November 5, 2027**.

**Settlement**

Plaintiff shall make a settlement demand by **December 4, 2026**. Defendants shall respond by **January 8, 2027**. The parties agree to make a good faith effort to settle this case. The parties understand that this case will be referred to an attorney mediator, or to the Magistrate Judge, for a settlement conference in **August 2027**. In order for the conference to be meaningful, the parties agree to complete all discovery that may affect their ability to evaluate this case prior to the settlement conference. The parties understand that they will be expected to comply fully with the settlement order which requires *inter alia* that settlement demands and offers be exchanged prior to the conference and that principals of the parties attend the conference.

Referral to court-facilitated mediation has no effect on the case schedule. All deadlines established in this Order will remain in place unless the parties move for and are granted a continuance or stay. In the event the parties schedule a private mediation, they may notify the Court and request to be excused from participation in court-facilitated mediation.

**Other Matters**

Any party intending to seek attorney fees and costs as a prevailing party shall make quarterly reports to the other party disclosing the to-date accrued attorney's fees and costs.

If any date set in this Order falls on a Saturday, Sunday, or legal holiday, the date of the next business day will control.

**IT IS SO ORDERED.**

*/s/ S. Courter M. Shimeall*
**S. COURTER M. SHIMEALL**
**UNITED STATES MAGISTRATE JUDGE**